Requestor: Thomas D. Mahar, Jr., Esq. Town Attorney Town of Poughkeepsie P.O. Box 3209 Poughkeepsie, N.Y. 12603
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that the Town of Poughkeepsie and the City of Poughkeepsie have entered into an inter-municipal agreement under Article 5-G of the General Municipal Law. Under this agreement, a Joint Water Board was created consisting of three members appointed by the town board and three members appointed by the common council of the city. You have asked whether a member of the town board may be appointed as one of the town's three members on the Joint Water Board.
Generally, the Joint Water Board, under the municipal cooperation agreement, has responsibility for administering the water project. You have indicated that the budgets for the water project are prepared by the Joint Water Board and then must be approved, along with other matters, by the town board of the town and the common council of the city. You have asked whether the membership of the town board member on the Joint Water Board creates a conflict of interests.
Article 5-G broadly empowers municipal corporations and districts to enter into agreements "for the performance among themselves or one for the other of their respective functions, powers and duties on a cooperative or contract basis or for the provision of a joint service or a joint water, sewage or drainage project". General Municipal Law §119-o(1). "Joint service" is defined as the joint provision of any municipal service, activity, etc. or joint exercise of any function or power which each municipality possesses. Id., § 119-n(c).
Article 5-G provides for implementation of municipal cooperation by suggesting provisions that may be included in cooperation agreements. General Municipal Law § 119-o(2)(a). Among the provisions that may be included in a cooperation agreement is the designation of officers responsible for the establishment, operation and maintenance of the joint service. Id., § 119-o(2)(c). Municipalities entering into a cooperation agreement may utilize this provision to establish a joint board or other entity to carry out functions specified in the agreement. Alternatively, the legislative bodies of the municipalities entering the municipal cooperation agreement may directly control the establishment, operation and maintenance of the joint service. Id., § 119-o(1).
In that participating legislative bodies may themselves or through designation of a separate entity establish, operate and maintain the joint service, we believe it would not be a conflict of interests for a member of a legislative body of a participating municipality to serve on that entity. See, 1989 Op Atty Gen (Inf) 143. A legislative body might view this as a means to have a constant presence in the carrying out of the joint function. Under these circumstances, we do not view the legislative body's review and approval of various matters proposed by the Joint Water Board as creating conflicts of interests. The town board member who serves on the Joint Water Board is not precluded from participating in town board decisions on these matters. The town board, as a body, would ultimately decide these matters.
We conclude that a member of a legislative body of a municipality entering into a municipal cooperation agreement may serve on the joint board formed to administer the project.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.